**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Darrin Isham,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-02918-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1). Respondent has filed a Response to which the Petitioner filed a Reply. (Docs. 14; 16). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation. ("R&R") (Doc. 17). In the R&R, the Magistrate Judge recommended that that the Petition be denied and dismissed because it is barred by the statute of limitations. The R&R further recommended that a certificate of appealability be denied. In response, Petitioner filed an Objection to the R&R. (Doc. 18).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, this court must review the "portions of the [Magistrate Judge's] report *to which objection is made*" by either party. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'").

## I. Objection

Petitioner's Petition and Reply asserted the following single ground for relief:
> He claims that the prosecutor has refused to disclose a videotape that would exonerate Petitioner and that Petitioner's counsel has failed to request the videotape. Petitioner asserts that this violates his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, as well as his rights under *Brady v. Maryland*, 373 U.S. 83 (1963).

(Doc. 5 at 2). Petitioner's Objection to the R&R essentially reargues claims already made in his Petition and Reply. (Docs. 1; 16; 18). The only new, cognizable claim the Court was able to identify in the Objection was Petitioner's argument that the purported destruction of the videotape on October 15, 2015 constituted newly discovered evidence and would be a factual predicate that would reset the limitations period to start running from that date. (Doc. 18 at 3).

The R&R based its decision solely on the statute of limitations and did not address Respondents other defenses. (Doc. 17 at 13). Therefore, in accordance with *Reyna-Tapia*, the Court will limit its de novo review to the sole objected to issue of whether or not the videotape's purported destruction will impact the commencement of the limitations period.

## II. Statute of Limitations

Petitions for writs of habeas corpus are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which provides a one-year statute of limitations for petitioners to state their claims. 28 U.S.C. § 2244(d) (2006). Normally the limitations period begins "when the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review," but it can be reset to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A),(D). The period of direct review before the judgment becomes final includes a "90-day period within which a petitioner can file for a writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition." *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003) (citing *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.

1999).

Here, Petitioner's judgment became final on July 28, 2013, 90 days after the Arizona Supreme Court denied review of Petitioner's direct appeal on April 29, 2013. (Docs. 1 at 3; 17 at 3). AEDPA's one-year statute of limitations began to run the next day giving Petitioner until July 29, 2014 to file his Petition, absent any factors which would provide tolling.

### A. Factual Predicates

Petitioner argues that a videotape he claims was suppressed by the prosecution would exonerate him and that the destruction of the videotape on October 15, 2015 qualifies as newly discovered evidence that would be a factual predicate of this claim and reset the start date of the one year limitations period. (Doc. 18 at 3).

"Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended. The due diligence clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (citations omitted).

While Petitioner's claim relies on the videotape, it does not qualify as the factual predicate of the claim. Rather, the factual predicate of his claim is his discovery of the videotape's existence, which occurred on July 2, 2012, more than a year before his judgment became final and two years before the limitations period ended as per section 2244(d)(1)(A). (Doc. 1 at 6). Because Petitioner was aware of the videotape for more than two years prior to the limitations period ending, the Court finds that its alleged destruction cannot be a newly discovered factual predicate that would reset the start date of the limitations period. *See, e.g., United States v. Lockett*, 919 F.2d 585, 591 (9th Cir. 1990) (in the context of Federal Rule of Criminal Procedure 41, "newly discovered evidence" does not mean "newly available evidence"); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("[Petitioner] is confusing his knowledge of the factual

predicate of his claim with the time permitted for gathering evidence in support of that claim").

**B.    Timeliness**

The Court agrees with the R&R's finding that Petitioner is not entitled to statutory or equitable tolling. (Doc. 17 at 8, 12). As determined in subsection (A) above, Petitioner cannot receive a later accrual date under § 2244(d)(1)(D) due to a newly discovered factual predicate. Absent any tolling, Petitioner's one year period to file commenced on July 29, 2013 and expired on July 29, 2014. Therefore, Petitioner's August 22, 2016 Petition was more than two years delinquent. (Doc. 1). Petitions filed beyond this one year limitations period are barred and must be dismissed. 28 U.S.C. § 2244(d).

**III.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 17) is accepted. The Objection (Doc. 18) is overruled as specified above. The Petition (Doc. 1) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FUTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of July, 2017.

James A. Teilborg
Senior United States District Judge